# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGIONS BANK** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-8708** |
| **C.H.W. RESTAURANT, LLC and CHRISTOPHER WOMAK** | **SECTION: "G"** |

## ORDER

Before the Court is Defendants C.H.W. Restaurant, L.L.C. ("CHW") and Christopher Womack's ("Womack) (collectively, "Defendants") "Motion to Dismiss Complaint (A) to Collect Amounts Due Under Promissory Note and Guaranty, and (B) for Recognition of the Validity and Enforceability of Security Agreement and Security Interests for Failure to State a Claim Upon Which Relief Can Be Granted."[1] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

### A.    *Factual Background*

In the Complaint, Plaintiff Regions Bank ("Regions") alleges that it is the holder in due course of a Promissory Note dated October 28, 2009, (the "Promissory Note") entered by CHW and executed by Womack, as the owner of CHW, in favor of Regions, in the original principal amount of $187,830.00.[2] According to the Complaint, the Promissory Note was payable in monthly installments until the Promissory Note matured on October 28, 2016, making all outstanding amounts due on the Promissory Note immediately due and payable, without demand

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 1 at 2.

or notice of default.[3] Regions alleges that the Promissory Note provides for interest on the unpaid principal balance of the Note before default at the rate of 8.850% per annum and after default, which includes failure to pay the Note upon maturity, at the rate of 10.850% per annum.[4] Regions states that the monthly installment payments "were applied to interest, late charges (if any), and principal on the Note, in accordance with the terms of the Note."[5] Regions alleges that after application of the monthly installment payments, the remaining balance of the Promissory Note is $120,504.15 in principal.[6]

According to the Complaint, the Promissory Note is secured in part by a Commercial Security Agreement by CHW, executed by and through Womack, as the owner of CHW, also dated October 28, 2009 (the "Security Agreement"), in favor of Regions Bank.[7] Regions alleges that in the Security Agreement, CHW granted Regions Bank a lien and security interest in all inventory, accounts, equipment, general intangibles and fixtures.[8] Regions alleges that the liens granted in the Security Agreement were perfected by the filing of a Uniform Commercial Code Financing Statement, including a UCC-1 Financing Statement, filed on November 10, 2009, at File No. 17-1345946, and a UCC-1 Continuation, filed on May 20, 2014, at File No. 17-1402921.[9]

---

[3] *Id.* at 2–3.

[4] *Id.* at 3.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

Furthermore, Regions alleges that the Promissory Note is absolutely and unconditionally guaranteed by Womack, pursuant to a Commercial Guaranty, also dated October 28, 2009.[10]

According to the Complaint, Regions made demand on CHW and Womack by letter dated April 6, 2017, and again on May 5, 2017.[11] Despite these demand letters, Regions asserts that no payment on the outstanding amounts due under the Promissory Note has been made.[12] Regions alleges that the following amounts are due and owing on the Promissory Note: (1) principal in the amount of $120,504.15; (2) late charges in the amount of $6,059.64; (3) accrued interest, through September 6, 2017, in the amount of $10,161.00, calculated at the pre-default rate; (4) interest on the unpaid principal balance of the Promissory Note, after September 6, 2017, until paid, calculated at the default rate; (5) attorneys' fees; and (6) all costs of these proceedings.[13]

B.   *Procedural Background*

On September 6, 2017, Regions filed the "Complaint (A) to Collect Amounts Due under Promissory Note and Guaranty, and (B) for Recognition of the Validity and Enforceability of Security Agreement and Security Interests" (the "Complaint").[14] In the Complaint, Regions brings a claim for breach of contract based on CHW's failure to make payments under the Promissory Note; a claim for recognition of the validity and enforceability of the Security Agreement to secure the Promissory Note and the validity and enforceability of security interests in the Collateral and

---

[10] *Id.* at 4.

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

corresponding Financing Statements to secure the Promissory Note; and a claim based on Womack's failure to fulfill the Commercial Guaranty.[15]

On November 17, 2017, Defendants filed the instant motion to dismiss.[16] On December 22, 2017, Regions filed an opposition to the motion to dismiss.[17]

## II. Parties' Arguments

### A. *Defendants' Arguments in Support of the Motion to Dismiss*

In the motion, Defendants contend that the Promissory Note required CHW to make 83 payments to Regions at the rate of $1,993.65 each, with the first payment due on November 28, 2009, and the last payment due on October 28, 2016.[18] According to Defendants, CHW made all payments and its obligation was extinguished when the final payment was made on October 28, 2016.[19] Moreover, Defendants note that Regions does not allege that CHW missed a payment.[20] Defendants argue that after the final payment was made, "Regions asserted a demand for a balloon payment for interest Regions apparently failed to include in its monthly payment calculations set forth in the Promissory Note."[21] According to Defendants, "[t]he terms and conditions of the Promissory Note do not contain any language permitting Regions to assert or collect a demand for a balloon payment after CHW made all payments expressly required under the terms and

---

[15] *Id.* at 5.

[16] Rec. Doc. 17.

[17] Rec. Doc. 20.

[18] Rec. Doc. 17-1 at 1. Defendants quote the "Payment" clause of the Promissory Note, which states "Borrower will pay this loan in 83 regular payments of $1,993.65 each. Borrower's first payment is due November 28, 2009, and all subsequent payments are due on the same day of each month after that. Borrower's final payment due on October 28,2016, maybe greater if Borrower does not make payments as scheduled." *Id.*

[19] *Id.* at 2.

[20] *Id.*

[21] *Id.*

4

conditions of the Promissory Note."[22] Therefore, because CHW asserts that it complied with all terms set forth in the Promissory Note, the Complaint should be dismissed.[23] "Because the allegations relate to the Security Agreement and the Guaranty Agreement arise out of Region Bank's claim of breach of the Promissory Note Agreement," Defendants contend that dismissal of the claim against CHW for breach of the Promissory Note "will effectively end this litigation."[24]

Defendants contend that Regions relies exclusively on an interpretation of the contract that recalculates the amounts owed by CHW by ignoring the express payment clause of the Promissory Note.[25] Because CHW complied with the payment requirements set forth in the Promissory Note, Defendants contend that Regions cannot state a valid breach of contract claim.[26]

Defendants assert that Regions is effectively arguing "that after CHW complied with the express payment terms and conditions of the Promissory Note, Regions was permitted to demand an extracontractual interest payment that Regions failed or forgot to include in the terms and conditions of the loan."[27] Because Regions admits that all payments were timely made, Defendants contend that CHW's obligation to Regions ended with the final payment.[28] According to Defendants, "[a]ll allegations set forth in the Complaint related to calculation of interest, penalties, and attorneys' fees are based on the extra-contractual language read into the Promissory Note by

---

[22] *Id.*

[23] *Id.*

[24] *Id.* at 2, n.2.

[25] *Id.* at 5.

[26] *Id.*

[27] *Id.*

[28] *Id.*

Regions."²⁹ Therefore, Defendants contend that the breach of contract claim must be dismissed.³⁰

Finally, Defendants argue that Regions would not be entitled to relief if Regions ignores the express conditions of the Promissory Note and claims that an ambiguity exists because all ambiguities will be interpreted against Regions as the drafter of the contract.³¹ For these reasons, Defendants contend that the motion to dismiss should be granted and all of Plaintiff's claims should be dismissed with prejudice.³²

## B.     *Regions' Arguments in Opposition to the Motion to Dismiss*

In opposition, Regions contends that Defendants are inaccurately arguing the terms of the Promissory Note in an effort to nullify it.³³ Regions asserts that the Promissory Note obligates CHW to pay Regions "the sum of One Hundred Eighty-Seven Thousand Eight Hundred Thirty & 00/100 Dollars (U.S. $187,830.00), together with simple interest."³⁴ Furthermore, Regions claims that Defendants "ignore the clear language of the Note that obligates CHW to pay to Regions the sum of $187,830.00 until this Note is paid in full."³⁵

Regions argues that it does not seek an "extra-contractual interest payment" as Defendants contend.³⁶ Instead, Regions contends that it seeks payment in full of the principal amount owed

---

²⁹ *Id.* at 6.

³⁰ *Id.*

³¹ *Id.* at 7–8.

³² *Id.* at 9.

³³ Rec. Doc. 20 at 5.

³⁴ *Id.*

³⁵ *Id.*

³⁶ *Id.*

plus simple interest.[37] "Because the amount to be paid, in full, by CHW is clear, explicit and leads to no absurd consequences," Regions argues that "no further interpretation may be made in search of the parties intent, and the agreement must be enforced as written."[38]

Although the Promissory Note provides for a monthly payment amount, Regions asserts that it has properly pleaded that when the Promissory Note "matured on October 28, 2016, all outstanding amounts due on the [Promissory] Note became immediately due and payable."[39] Furthermore, Regions contends that it properly pleaded the bases for its calculations of the principal amount, late charges, and accrued interest outstanding and due on the Promissory Note.[40] Therefore, Regions argues it is not seeking "extra-contractual interest" but instead the amount owed when the Promissory Note matured.[41]

Next, Regions asserts that it is not arguing that the Promissory Note contains errors or is ambiguous, as Defendants contend.[42] Instead, Regions argues that it is seeking compliance with the actual terms of the Promissory Note.[43] Regions contends that Defendants' argument that by making 83 payments of $1,993.65 CHW complied fully with the contractual terms of the Promissory Note is inconsistent with simple math and the terms of the Note that require payment "in full."[44] Regions notes that the product of 83 payments multiplied by the monthly payment

---

[37] *Id.* at 6.

[38] *Id.*

[39] *Id.*

[40] *Id.* at 6–7.

[41] *Id.* at 7.

[42] *Id.*

[43] *Id.*

[44] *Id.* at 8.

7

amount of $1,993.65 is $165,472.95, which is $22,357.05 less than the principal amount of the Promissory Note.[45] Regions asserts that "[a] reasonable obligor in the Defendants' position would have comprehended the meaning of 'paid in full.'"[46]

Regions contends that it has stated a breach of contract claim because the Complaint alleges that CHW undertook an obligation to perform; CHW failed to perform its contractual obligation, and CHW's breach resulted in damages to Regions.[47] Therefore, Regions argues that the motion to dismiss should be denied.[48]

### III. Legal Standard on a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[49] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[50] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[51] "Factual allegations must be enough to raise a right to relief above the speculative level."[52] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[53]

---

[45] *Id.*

[46] *Id.*

[47] *Id.* at 4, 10–11.

[48] *Id.* at 11.

[49] Fed. R. Civ. P. 12(b)(6).

[50] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[51] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[52] *Twombly*, 550 U.S. at 556.

[53] *Id.* at 570.

8

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[54] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[55] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[56] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[57] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[58] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[59] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[60] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[61]

---

[54] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[55] *Iqbal*, 556 U.S. at 677–78.

[56] *Id.* at 679.

[57] *Id.* at 678.

[58] *Id.*

[59] *Id.*

[60] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[61] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

## IV. Analysis

In the motion, Defendants argue that Regions cannot state a breach of contract claim against CHW because it made all payments and its obligation was extinguished when the final payment was made on October 28, 2016.[62] In opposition, Regions contends that Defendants are inaccurately arguing the terms of the Promissory Note in an effort to nullify it.[63]

In order to recover for breach of contract under Louisiana law, the plaintiff must prove: (1) the obligor's undertaking of an obligation to perform; (2) the obligor failed to perform the obligation (i.e. breach); and (3) the breach resulted in damages to the obligee.[64] An obligation, or contract, is defined in the Louisiana Civil Code as "a legal relationship whereby a person, called the obligor, is bound to render a performance in favor of another."[65] "A contract is formed by consent of the parties established through offer and acceptance."[66] In order to create a binding obligation, both parties must agree to the substantial elements of the contract.[67]

Under Louisiana law, the purpose of contract interpretation is to determine "the common intent of the parties."[68] Words and phrases used in the contract are to be given their "plain, ordinary and generally prevailing meaning."[69] "[E]ach provision in a contract must be interpreted in light

---

[62] Rec. Doc. 17-1 at 2.

[63] Rec. Doc. 20 at 5.

[64] *Favrot v. Favrot*, 2010–0986 (La. App. 4 Cir. 2/9/11); 68 So.3d 1099, 1108–09; *SnoWizard, Inc. v. Robinson*, 897 F. Supp. 2d 472, 478 (E.D. La. 2012).

[65] LA. CIV. CODE. ANN. art. 1756.

[66] LA. CIV. CODE. ANN. art. 1927.

[67] LA. CIV. CODE. ANN. arts. 1779 and 1798.

[68] La. Civ. Code art. 2045.

[69] *See Wisznia Co. v. Gen. Star Indem. Co.*, 759 F.3d 446, 448 (5th Cir. 2014) (quoting *Mayo v. State farm Mut. Auto. Ins. Co.*, 2003-1801, at 3 (La. 2/25/04); 869 So.2d 96, 99)); La. Civ. Code art. 2047.

of the other provisions so that each is given the meaning suggested by the contract as a whole."[70] "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[71] Extrinsic evidence is only admissible when a contract is ambiguous.[72] "A contract is ambiguous when it lacks a provision bearing on the issue, its written terms are susceptible to more than one interpretation, there is uncertainty as to its provisions, or the parties' intent cannot be ascertained from the language used."[73] However, contractual provisions are not considered ambiguous "merely because one party creates a dispute about it."[74]

The first clause of the Promissory Note, which is attached to the Complaint, is titled "Promise to Pay."[75] The "Promise to Pay" clause states that CHW "promises to pay to the order of [Regions], in lawful money of the United States of America the sum of One Hundred Eighty-Seven Thousand Eight Hundred Thirty & 00/100 Dollars (U.S. $187,830.00), together with simple interest . . . commencing on October 28, 2009, and continuing until this Note is paid in full."[76] The Promissory Note includes a clause titled "Interest Calculation Method," which states how interest would be calculated.[77] The Promissory Note also includes a "Payment" clause, which states:

---

[70] La. Civ. Code art. 2050.

[71] La. Civ. Code art. 2046; *See Greenwood 950, L.L.C. v. Chesapeake Louisiana, L.P.*, 683 F.3d 666, 668–69 (5th Cir. 2012); *Prejean v. Guillory*, 2010-0740, at 6 (La. 7/2/10); 38 So. 3d 274, 279; *see also Sapp v. Wood Grp. PSN, Inc.*, No. 15-3, 2016 WL 6995897, at *4 (E.D. La. Nov. 30, 2016) (Brown, J.)).

[72] *See Greenwood 950, L.L.C.*, 683 F.3d at 668–69.

[73] *Campbell v. Melton*, 2001-2578 (La. 5/14/02), 817 So. 2d 69, 75; *Sequoia Venture No. 2, Ltd. v. Cassidy*, 42,426 (La. App. 2 Cir. 10/10/07), 968 So. 2d 806, 809–10.

[74] *Sequoia Venture No. 2, Ltd.*, 968 So. 2d at 809–10 (citations omitted).

[75] *Id.* at 1.

[76] *Id.*

[77] *Id.*

> Borrower will pay this loan in 83 regular payments of $1,993.65 each. Borrower's first payment is due November 28, 2009, and all subsequent payments are due on the same day of each month after that. Borrower's final payment due on October 28, 2016, maybe greater if Borrower does not make payments as scheduled.[78]

Defendants argue that CHW made 83 monthly payments on the Promissory Note, and the obligation was extinguished when CHW made the final monthly payment on October 28, 2016.[79] However, Defendants ignore the "Promise to Pay" clause requiring CHW to pay Regions $187,830.00, together with simple interest, and obligates CHW to continue paying until the loan amount is "paid in full."[80]

Defendants contend that Regions relies exclusively on an interpretation of the contract that recalculates the amounts owed by CHW by ignoring the express payment clause of the Promissory Note.[81] However, Defendants ignore the express terms of the contract that require the principal loan amount, together with simple interest, be paid in full. Furthermore, Defendants' argument that Regions seeks extra-contractual interest payments is unsupported by the express terms of the contract, which provides for the calculation of interest.

Defendants also argue that Regions would not be entitled to relief if Regions ignores the express conditions of the Promissory Note and claims that an ambiguity exists because all ambiguities will be interpreted against Regions as the drafter of the contract.[82] However, Regions does not argue that the contract is ambiguous. Instead, Regions asserts that the clear language of the contract requires CHW to pay, in full, the principal loan amount plus simple interest. As noted

---

[78] *Id.* at 8.

[79] Rec. Doc. 17-1 at 2.

[80] *Id.*

[81] *Id.* at 5.

[82] *Id.* at 7–8.

above, under Louisiana law, "each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole."[83] Defendants reading of the contract asks the Court to ignore the "Promise to Pay" clause and relies exclusively on the "Payment" clause.

As noted above, in order to recover for breach of contract under Louisiana law, the plaintiff must prove: (1) the obligor's undertaking of an obligation to perform; (2) the obligor failed to perform the obligation (i.e. breach); and (3) the breach resulted in damages to the obligee.[84] In the Complaint, Regions alleges that: (1) CHW undertook an obligation in the Promissory Note to pay Regions "the sum of One Hundred Eighty-Seven Thousand Eight Hundred Thirty & 00/100 Dollars (U.S. $187,830.00), together with simple interest"; (2) Defendants failed to pay the amounts due under the Promissory Note; and (3) Regions suffered damages as a result.[85] Accordingly, the Court finds that Regions has plausibly alleged sufficient facts to support a claim for breach of contract. Therefore, the Court denies Defendants' motion to dismiss Regions' breach of contract claim.

## V. Conclusion

For the reasons stated above, the Court finds that Regions has plausibly alleged sufficient facts to support a claim for breach of contract. Accordingly,

**IT IS HEREBY ORDERED** that the "Motion to Dismiss Complaint (A) to Collect Amounts Due Under Promissory Note and Guaranty, and (B) for Recognition of the Validity and

---

[83] La. Civ. Code art. 2050.

[84] *Favrot*, 68 So.3d at 1108–09.

[85] Rec. Doc. 1.

Enforceability of Security Agreement and Security Interests for Failure to State a Claim Upon Which Relief Can Be Granted"[86] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 27th day of June, 2018.

                                      *Nannette Jolivette Brown*
                                      **NANNETTE JOLIVETTE BROWN**
                                        **CHIEF JUDGE**
                                  **UNITED STATES DISTRICT COURT**

---

[86] Rec. Doc. 17.